**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Re   SEASONS PARTNERS LLC, | No. 11-16999 |
| Debtor., | D.C. No. 4:10-cv-00772-DCB |
| _____, | |
| ML-CFC 2006-3 SEASONS, LLC, acting by and through its special services and sole member; et al., | MEMORANDUM* |
| Appellants, | |
| v. | |
| SEASONS PARTNERS LLC, | |
| Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted June 10, 2013
San Francisco, California

---

     * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: O'SCANNLAIN and HURWITZ, Circuit Judges, and PIERSOL, Senior District Judge.[**]

ML-CFC 2006-3 Seasons, LLC (Torchlight) appeals from a district court decision affirming a Chapter 11 reorganization plan for Seasons Partners, LLC (Seasons). We grant Seasons' motion to dismiss the appeal as equitably moot.

1.      In 2006, Seasons received a $20.5 million secured loan from Torchlight's predecessor to construct a Tucson apartment complex. Seasons filed for Chapter 11 reorganization in 2009. After Seasons filed a reorganization plan, Torchlight requested a hearing to determine the value of the real estate subject to its lien. Torchlight then made an 11 U.S.C. § 1111(b) election, which required that the plan treat Torchlight's entire claim as secured. The bankruptcy court held an evidentiary hearing and determined that the secured property was worth $11.6 million.

Torchlight moved for reconsideration, citing a projection by Seasons that the complex would enjoy increased revenues in the year following confirmation. The bankruptcy court denied the motion and confirmed the plan. On appeal to the district court, Torchlight argued that the bankruptcy court erred in declining to reevaluate

---

      [**]      The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

Seasons' property before confirmation and by treating certain pre-petition defaults as cured. The district court affirmed.

2.      While the appeal was pending, this court decided *In re Thorpe Insulation Co.*, 677 F.3d 869 (9th Cir. 2012). Seasons filed a motion to dismiss, citing *In re Thorpe*, and arguing that the appeal was equitably moot.

3.      Torchlight did not seek a stay pending appeal. That failure weighs heavily in favor of finding the appeal equitably moot. *Id.* at 881-82. Even if a stay had been sought, we would "next determine whether substantial consummation of the plan has occurred." *Id.* at 882. Torchlight, however, does not contest that the plan has been substantially consummated**.**

Under *Thorpe*, we also consider whether modification of the plan would negatively affect the interests of parties not before the court. *Id.* at 882-83. Any modification of the plan here would plainly affect the interests of the investor that has infused $2.5 million into the apartment venture in reliance on the confirmed plan.

Finally, we look to whether the bankruptcy court could fashion an equitable remedy on remand. *Id.* at 883. Torchlight argues that the reorganization plan could simply be adjusted to alleviate its concerns. But the investor would not be obligated

3

to agree to any modification of the plan. Even assuming that the investor's existing contribution could be refunded, an unraveling of the plan would be detrimental to other creditors and likely fatal to Seasons' reorganization.

4.      Torchlight's failure to seek a stay has led to the precise situation the doctrine of equitable mootness seeks to avoid:  the debtor, other creditors, and an additional investor have acted in reliance on the plan, and there is no equitable way to return the parties to their original positions.  We grant the motion to dismiss.

        **DISMISSED**